UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPHINE GRAHAM, on behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br><br>              v.<br><br>THE UNIVERSITY OF MICHIGAN, and THE REGENTS OF THE UNIVERSITY OF MICHIGAN,<br><br>              Defendants. | Case No. 2:21-cv-11168-VAR-EAS<br><br>Hon. Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

Subject to Court approval, Plaintiff Josephine Graham ("Plaintiff" or "Class Representative") and Defendants the University of Michigan and the Regents of the University of Michigan ("UofM" or "Defendants") entered into a Settlement Agreement dated March 23, 2022, in proposed settlement of this Action (together with its exhibit, the "Agreement").

Application has been made for preliminary approval of the settlement set forth in the Agreement (the "Settlement"), upon the terms and conditions in the Agreement. The Court has received and reviewed (1) the Agreement and exhibit

attached thereto; (2) Plaintiff's Motion for Preliminary Approval of Settlement and supporting documents, including the proposed notice plan as described in the Declaration of Jennifer Keough and supporting documents, Plaintiff's declaration, Class Counsel's declarations, the declaration of Robert F. Riley, and the declaration of Nancy Chi Cantalupo; and (3) all other pleadings and matters of record.

The Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class (as defined below). Upon review of the Agreement, it is hereby ORDERED as follows:

1. <u>Preliminary Approval of Proposed Settlement</u>. The Court finds that it will likely be able to approve the Settlement Agreement under Federal Rule of Civil Procedure 23(e)(2) as fair, reasonable, and adequate. The Court, furthermore, finds that the Settlement Agreement: (a) resulted from extensive arm's-length negotiations between experienced counsel overseen by an experienced mediator; (b) eliminates the risks to the Settling Parties of continued litigation; (c) does not provide undue preferential treatment to Plaintiff or to segments of the Settlement Class; and (d) is sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class.

2. <u>Class Certification for Settlement Purposes Only</u>. Pursuant to Federal

Rule of Civil Procedure 23(c), the Court provisionally certifies, for settlement purposes only, the following Settlement Class: all current students of the University of Michigan.

3. In connection with this provisional certification, the Court makes the following preliminary findings:

   a. The Settlement Class appears to be so numerous that joinder of all members is impracticable;

   b. There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

   c. Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

   d. Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the proposed settlement;

   e. For purposes of settlement only, Defendants have acted or refused to act on grounds that apply generally to the Settlement Class, so that final non-economic relief is appropriate respecting the Settlement Class as a whole.

4. <u>Class Representative</u>. Plaintiff is designated as class representative

5. <u>Class Counsel</u>. The Court appoints Lieff Cabraser Heimann &

Bernstein, LLP; the Miller Law Firm, P.C.; and Sauder Schelkopf LLC as Class Counsel. The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

6. <u>Settlement Hearing</u>. A final approval hearing (the "Settlement Hearing") shall be held before the Hon. Victoria A. Roberts of the Eastern District of Michigan, located at 231 W. Lafayette Blvd., Detroit, Michigan, Courtroom 252, on July 26, 2022, at 2:00 p.m., as set forth in the notice to the Settlement Class (described in Paragraph 7 below), to determine whether the Settlement is fair, reasonable, and adequate and should be approved. Papers in support of final approval of the Settlement, the service award to Plaintiff, and Class Counsel's application for an award of attorneys' fees, costs, and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 7 below. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

7. <u>Class Notice</u>. Class Notice shall be sent within twenty-eight (28) days following entry of this Order.

    a. <u>Mail and E-mail Notice</u>. The Notice Provider shall provide individual notice via U.S. mail to all persons in the Settlement Class for which Defendants have contact information and via email to the extent the Notice Provider is able to obtain the electronic mail addresses of Settlement Class Members.

    b. <u>Digital Notice</u>. By the Settlement Notice Date, the Notice Provider will design and publish a cost-effective digital notice program designed to reach members of the Settlement Class.

    c. <u>Website Notice</u>. By the Settlement Notice Date, the Notice Provider shall maintain and administer a dedicated Settlement Website containing class information and related documents, along with information about the Settlement. Such documents shall include the Settlement Agreement and Exhibit, the Settlement Notice, the Preliminary Approval Order, the operative complaint in the Action, and when filed, the Final Approval Order.

    d. <u>Toll Free Telephone Number</u>. The Notice Provider shall set up a toll-free telephone number for receiving toll-free calls related to the settlement.

  8. <u>Findings Concerning Class Notice</u>. The Court finds that the foregoing program of Class Notice and the manner of its dissemination is sufficient under the circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this Action and their right to object to the Settlement.  The Court

further finds that the Class Notice program is reasonable; that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.

    9.    <u>Objections to the Settlement</u>.

        a.    <u>Right to Object</u>. Any Settlement Class Member may appear at the Final Approval Hearing to object to the proposed settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the service awards, but only if the Settlement Class Member has first filed a Notice of Intent to Appear containing a written objection with the Clerk of Court, in accordance with the "Objection Requirements" set forth below, by the Objection Deadline. Any Settlement Class Member who does not provide a written objection in the manner described below shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement or the award of any attorneys' fees and/or service awards.

        b.    <u>Objection Requirements</u>. In the written objection, the Settlement Class Member must state his or her name, address, and telephone number, as well as the name, address, and telephone number of any person that may appear on behalf of the Settlement Class Member, the reasons for the Settlement Class Member's objection, and whether he or she intends to appear at

the fairness hearing on his or her own behalf or through counsel. Any documents supporting the objection must also be attached to the Objection.

    10.    <u>Stay</u>. Upon the Court's entry of this Order, all further proceedings in this lawsuit (including, but not limited to, Defendants' pending motion to dismiss) shall be stayed pending Final Settlement Approval or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate the Final Settlement Approval.

    11.    <u>Schedule of Future Events</u>. Further settlement proceedings in this matter shall proceed according to the following schedule:

    a.    28 calendar days of entry of this Order: Deadline to provide Class Notice (the "Class Notice Date"), April 26, 2022;

    b.    30 calendar days after Class Notice Date: Deadline for Plaintiff to file Final Approval Motion and Attorneys' Fees Motion, May 26, 2022;

    c.    60 calendar days after the Class Notice Date: Last day to Object, June 27, 2022;

    d.    75 calendar days after Class Notice Date: Deadline for Plaintiff to file response to any Objections, July 11, 2022; and

    e.    July 26, 2022 at 2:00 p.m.: Final Approval Hearing.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 3/29/2022