# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JOSEPHINE GRAHAM, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF MICHIGAN, and THE REGENTS OF THE UNIVERSITY OF MICHIGAN,<br><br>Defendants. | Case No. 2:21-cv-11168-VAR-EAS<br><br>Hon. Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford<br><br>**PLAINTIFF'S RESPONSE TO OBJECTION TO CLASS ACTION SETTLEMENT AND REPLY IN SUPPORT OF MOTION FOR FINAL SETTLEMENT APPROVAL AND MOTION FOR ATTORNEYS' FEES** |

## INTRODUCTION

Plaintiff Josephine Graham, through Class Counsel, respectfully submits this brief to address the lone objection to the Class Action Settlement Agreement, and in further support of their motions for Final Approval of Class Action Settlement (ECF No. 37) and Attorneys' Fees (ECF No. 38), in light of the Class's response to the proposed Settlement.

Following—and pursuant to—this Court's Preliminary Approval Order (ECF No. 36), the Court-approved notice was distributed and directed to more than

61,000 Class Members. Keough Decl. ¶¶ 5-7. Class Member response to the Settlement was overwhelmingly positive: the single objection constitutes an objection rate of approximately 0.0016%. As numerous courts have observed, "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Bowman v. Art Van Furniture, Inc.*, 17-cv-11630, 2018 WL 6445389, at *6 (E.D. Mich. Dec. 10, 2018) (Edmunds, J.) (quotation omitted). That presumption strongly militates in support of final approval here: of the tens of thousands of Class Members who will benefit from the Settlement, only one, Taryn Leeney, submitted an objection. *See* Andrews Decl. Ex. A ("Obj."); Andrews Decl. ¶ 2.

Nor does Ms. Leeney's objection provide any sound basis for rejecting the Settlement. While she recites factors the Court must consider in evaluating the Settlement, for most she simply lists the factor without any explanation or basis for an objection. To the extent she does assert those objections, her failure to "state with specificity the grounds for the objection," Fed. R. Civ. P. 23(e)(5)(A), warrants the Court overruling those objections. In any event, as detailed in prior papers, all of those factors are readily satisfied here. *See* ECF No. 27, PageID.668-79 (Prelim. App. Br.); ECF No. 37, PageID.1635-46 (Final App. Br.).

Ms. Leeney does provide more explanation for one objection: whether the

stage of the proceedings and the amount of discovery completed allows for the Court to determine the adequacy of the Settlement. She mistakenly states that there was *no* discovery in this matter, and states in conclusory fashion that it is too early to assess whether the Settlement is adequate. Neither objection is well-taken. As this Court knows, the parties here engaged in extensive formal and informal discovery and exchange of information over a two-year period in this and the related case involving claims by survivors of abuse by Dr. Robert Anderson, *Doe v. The University of Michigan*, No. 2:20-cv-10629 (E.D. Mich. March 9, 2020) ("Survivor Action"), and during the course of the 17-month mediation process overseen by the Court-appointed mediator Robert Riley.  ECF No. 37, PageID.1631, 1637-40. Moreover, the parties fully briefed a potentially case dispositive motion to dismiss. *See* ECF Nos. 7, 19, and 24 (briefing on UofM's Motion to Dismiss); *see also* ECF No. 37, PageID.1641-42 (Plaintiff's Final Approval Brief discussing UofM's Motion to Dismiss). As a result, the parties and the Court have more than adequate information to permit an evaluation of whether the Settlement is fair, reasonable, and adequate.

Ms. Leeney also lists in her objection Class Counsel's requests for attorneys' fees, reimbursement of reasonable litigation expenses, and the granting of a service award to Ms. Graham, though it is again unclear whether she actually objects to those or is simply listing them. To the extent she is objecting to those requests, she

again fails to "state with specificity the grounds for the objection," Fed. R. Civ. P. 23(e)(5)(A), and as such, those objections should be overruled. Moreover, as detailed in prior papers, these requests are well-supported by both the facts and the law. ECF No. 38, PageID.1675-91; ECF No. 37, PageID.1643-44; ECF No. 27, PageID.675-76.

At bottom, the proof is in the pudding: the Settlement achieves an outstanding result that requires the University of Michigan ("UofM") to implement expert-crafted best-practices institutional reforms to help prevent sexual abuse at UofM; and after exhaustive notice, the Class has voted its agreement as evidenced by the fact that only one Class Member objected, and only after herself praising the Settlement, as well as Ms. Graham and Class Counsel for achieving it. There is no cause for the Court to depart from its preliminary findings that the Settlement is fair, reasonable, and adequate. ECF No. 36, PageID.1609.

For these reasons, and as detailed below and in their prior papers, Plaintiff Josephine Graham and Class Counsel respectfully request that the Court overrule the objection and grant their motions to finally approve the Settlement and for an award of attorneys' fees and expenses and service award for Ms. Graham.

## BACKGROUND

On March 29, 2022, this Court preliminarily approved the Settlement, finding that it will likely merit final approval as fair, reasonable, and adequate.

ECF No. 36, PageID.1609. The Court thus directed notice to the Class and set an objection deadline of June 27, 2022. *Id.* at PageID.1611-1614. Following preliminary approval, the Court-approved notice was distributed and directed to more than 61,000 Class Members. *See* Keough Decl. ¶¶ 5-7. Only one Class Member, Ms. Leeney, submitted an objection. *Id.* at ¶ 26; Andrews Decl. ¶ 2. Ms. Leeney submitted her objection on June 25, 2022, two days before the deadline, by mailing to Class Counsel Court her Notice of Intent to Appear and Written Objection. *See* Obj.

Class Counsel has had only positive interactions with Ms. Leeney and, as such, her objection came as a complete surprise. Before filing her objection, Ms. Leeney contacted Class Counsel and Ms. Graham, praising their efforts in obtaining the Settlement and expressing admiration for Ms. Graham. *See* Andrews Decl. Ex. B. She also asked whether Class Counsel "have capacity and interest in representing [her] in legal matters, personally," and if not if they could refer her to someone who could. *Id.* Counsel responded and set up a phone call to discuss the Settlement with her. *See* Andrews Decl. ¶ 4.

During the phone call, Ms. Leeney did not raise concerns about the stage of the proceedings or fact investigation undertaken by Class Counsel, nor did she raise any other grounds for concern regarding the Settlement. *Id.* ¶ 5. Likewise, Ms. Leeney and Class Counsel did not speak about any potential individual

representation. *Id.* Rather, Ms. Leeney expressed interest in learning more about how the Coordinated Community Response Team ("CCRT") established by the Settlement may address her concerns with UofM's current policies and procedures. *Id.* ¶¶ 6-7. She was also eager to speak with CCRT co-chairs regarding potential involvement with the CCRT, which Counsel offered to help set up. *Id.* ¶ 7. After an introduction from Class Counsel, Ms. Leeney spoke with CCRT co-chairs Rebecca Leitman Veidlinger and Professor Sandra Levitsky, both of whom report having productive calls with Ms. Leeney in which they discussed her potential involvement with the CCRT. *Id.* ¶¶ 8-9; Andrews Decl. Exs. D and E.

Considering these prior positive interactions, Class Counsel contacted Ms. Leeney via email on multiple occasions after receiving her objection in an attempt to better understand the reasons for her objections and attempt to address them. Andrews Decl. ¶ 10. To date, Ms. Leeney has not responded to Class Counsel's requests to clarify her objection. *Id.*; Andrews Decl. Ex. F.

## ARGUMENT

### A.  Class Member Response Strongly Favors Settlement Approval.

Where only a small percentage of a class objects, there is "a strong presumption" that the proposed class settlement is favorable to class members. *Bowman*, 2018 WL 6445389, at *6 (quotation omitted); *see also*, *In re Cardizem CD Antitrust Litigation*, 218 F.R.D. 508, 527 (E.D. Mich. 2003) ("If only a small

number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."); 4 Newberg on Class Actions § 13:58 (6th ed.) ("Courts have often held that if only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.")

Here, Class member response to the Settlement has been decisively positive. With a Class of over 61,000 individuals (with direct, individual notice to almost all of them), the lone Objector represents only 0.0016% of the Class. *See* Keough Decl. ¶¶ 5-7, 25-6. Such broad support for the Settlement supports approval.

**B.    The Objection Provides No Sound Basis for Denying Final Settlement Approval.**

As noted above, Ms. Leeney's objections are inconsistent with her own unsolicited high praise for the Settlement itself in the email she sent Class Counsel. *See* Andrews Decl. Ex. B.

Nor do the issues she raises warrant denying final approval. In her objection, she lists a number of the factors the Court must consider in evaluating the Settlement, all of which were addressed at length in prior papers. *See* ECF No. 27, PageID.668-79; ECF No. 37, PageID.1635-46. For most, she merely recites the factor, without any explanation as to the basis for her objection. *See* Fed. R. Civ. P. 23(e)(5)(A) ("The objection must . . . state with specificity the grounds for the objection."); *see also In re Packaged Ice Antitrust Litig.*, 322 F.R.D. 276, 297, n.5 (E.D. Mich. 2017) (rejecting conclusory objections) (quoting *In re Polyurethane*

*Foam Antitrust Litig.*, 168 F.Supp.3d 985, 994, 998 (N.D. Ohio 2016)).

She does, however, provide some explanation and basis on two related factors: the stage of the proceedings and the amount of discovery completed. Those objections, however, are without merit.

### 1. The Settlement was reached at an appropriate stage of proceedings.

As set forth in Plaintiff's motions for Preliminary Approval (ECF No. 27) and Final Approval of Class Action Settlement (ECF No. 37), the parties agreed to the Settlement only after hard-fought and adversarial litigation and mediation, including a fully-briefed motion to dismiss and contentious negotiations, with the final terms crafted with the assistance of leading experts and reached with the substantial aid of an experienced and skilled mediator. *See* Selbin Decl. ¶¶ 38-39, ECF No. 39, PageID.1716. The result of that hard-fought motion practice and mediation—this Settlement—provides substantial non-economic benefits and achieves this litigation's principal goal of making meaningful best-practice reforms to further enhance the comprehensive prevention of and response to campus sexual violence at UofM. Selbin Decl. ¶ 43, ECF No. 28, PageID.760; Graham Decl. ¶ 6, ECF No. 32, PageID.1497.

In contrast to the important benefits achieved and conferred by the Settlement, litigating this case further would have carried significant unnecessary costs, risks, and delay. Indeed, the risks here are substantial: UofM's motion to

dismiss remains pending, which if granted would terminate Plaintiff's (and thus the Class's) action. Even if the Court denied the motion, UofM would be entitled to immediate appeal on the standing issue, posing at best further delay and almost certainly further risk. Although Class Counsel are confident in the facts and legal theory underpinning Plaintiff's claims, they recognize that the claims are novel, increasing the risks faced by Plaintiff. Selbin Decl. ¶ 45, ECF No. 39, PageID.1718; *see IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 596 (E.D. Mich. 2006) ("there is no such thing as risk-free, expense-free litigation"). Furthermore, any continued litigation would delay implementation of institutional reform, which provides immediate benefits to the Class without the risks and costs of further litigation. *See, e.g.*, *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 498 (E.D. Mich. 2008) (the "immediate benefit" of an injunctive relief settlement compared to "the delay, risk and uncertainty of continued litigation" weigh in favor of approval).

### 2. Class Counsel vigorously investigated the facts underlying the case before agreeing to the Settlement.

Contrary to Ms. Leeney's objection, Class Counsel undertook extensive fact investigation through both formal and informal discovery in this case, in the related Survivor Action, and in the 17-month Court-ordered mediation before agreeing to the Settlement. Throughout that process, the parties exchanged "extensive information with each other, as coordinated and supervised" by the Court-

appointed mediator, Mr. Riley. Riley Decl. ¶¶ 5-9, ECF No. 34, PageID.1603. Class Counsel reviewed volumes of information on UofM's historic and current policies and procedures on prevention of and response to sexual assault, and retained field-leading experts with whom Class Counsel worked closely to devise the relief provided by the Settlement. *See* Selbin Decl. ¶¶ 47-48, ECF No. 39, PageID.1718-19.

Before settling, Class Counsel thoroughly investigated the relevant facts. For example, Class Counsel: (1) participated in four days of fact witness depositions; (2) obtained and reviewed multiple document productions for purposes of the depositions and negotiating equitable relief; (3) obtained and reviewed exhaustive officer reports investigating Anderson, which included detailed statements from numerous victims, former and current employees, physicians, and other UofM representatives; and (4) investigated the facts and allegations underlying this matter from a variety of publicly available sources, including news publications and the WilmerHale Reports. Selbin Decl. ¶¶ 32-36, ECF No. 28, PageID.756-58. As a result, Class Counsel had a full understanding of the strengths and weaknesses of their case before reaching settlement. *See Does 1-2 v. Deja Vu Services, Inc.*, 925 F.3d 886, 898 (6th Cir. 2019) ("settlements are permissible where, 'notwithstanding the status of discovery, plaintiffs' negotiators ha[ve] access to a plethora of information regarding the facts of their case.'"); *see also*

*Griffin v. Flagstar Bancorp, Inc.*, 2:10-CV-10610, 2013 WL 6511860, at *3 (E.D. Mich. Dec. 12, 2013) (even where parties engage in *no* formal discovery, settlements are permissible "so long as the parties and the Court have adequate information in order to evaluate the relative position of the parties" (quoting *Newby v. Enron Corp.*, 394 F.3d 296, 306 (5th Cir. 2004))).

In light of these facts, the Court should approve the Settlement (which resulted from extensive negotiations between experienced and informed counsel) as fair, reasonable, and adequate. The lone objection does not justify a different result.

### C. The Objection Provides No Sound Basis for Denying the Requested Award of Attorneys' Fees and Costs or Service Award for Plaintiff Graham.

Without clearly specifying whether she objects on these grounds, Ms. Leeney lists the requested attorneys' fees and expenses, as well as the service award to Plaintiff Graham, in her objection. However, she provides *no* explanation or basis for those objections.

As an initial matter, these objections fail to "state with specificity the grounds for the objection" and, as such, should be dismissed out of hand. Fed. R. Civ. P. 23(e)(5)(A); *see also Packaged Ice*, 322 F.R.D. at 297, n.5 (rejecting conclusory objections) (quoting *Polyurethane Foam*, 168 F.Supp.3d at 994, 998). That is especially true where, as here, the facts and law before the Court all support

the requested amounts. *See* ECF No. 38, PageID.1675-91; ECF No. 37, PageID.1643-44; ECF No. 27, PageID.675-76.

These objections also are inconsistent with the high praise Ms. Leeney had for Ms. Graham and Class Counsel and their work in obtaining the Settlement. *See* Andrews Decl. Ex. B. Ms. Leeney's objections, to the extent she raises them, should be overruled.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court overrule the objection, and grant final approval to the Settlement and for an award of attorneys' fees and expenses and service award for Plaintiff Graham.

Dated: July 11, 2022                                  Respectfully submitted,

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
THE MILLER LAW FIRM, P.C.
Rochester, MI 48307
(248) 841-2200
Email: epm@millerlawpc.com
Email: ssa@millerlawpc.com

Jonathan D. Selbin
Annika K. Martin
Patrick I. Andrews
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th fl.
New York, NY 10013
(212) 355-9500
Email: akmartin@lchb.com
Email: jselbin@lchb.com
Email: pandrews@lchb.com

Joseph G. Sauder
Lori G. Kier
Joseph B. Kenney
SAUDER SCHELKOPF LLC
1109 Lancaster Avenue
Berwyn, PA 19312
(888) 711-9975
Email: jgs@sstriallawyers.com
Email: lgk@sstriallawyers.com
Email: jbk@sstriallawyers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July 2022, a copy of the foregoing Plaintiff's Response to Objection to Class Action Settlement and Reply in Support of Motion for Final Settlement Approval and Motion for Attorneys' Fees was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ E. Powell Miller*
E. Powell Miller