UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPHINE GRAHAM, on behalf of herself and all others similarly situated, | Case No. 21-11168 |
| Plaintiff, | Hon. Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |
| v. | |
| THE UNIVERSITY OF MICHIGAN, and THE REGENTS OF THE UNIVERSITY OF MICHIGAN, | |
| Defendants. | |

**ORDER AND FINAL JUDGMENT:
(1) GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT [ECF No. 37]; (2) GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND FOR A CLASS REPRESENTATIVE SERVICE AWARD [ECF No. 38]; AND (3) CERTIFYING THE SETTLEMENT CLASS**

Plaintiff Josephine Graham ("Plaintiff" or "Class Representative"), and Defendants the University of Michigan and the Regents of the University of Michigan (collectively "UofM" or "Defendants") reached a proposed class action settlement of Plaintiff and the Settlement Class's claims, embodied in the Settlement Agreement filed with the Court.

On March 29, 2022, the Court entered an Order Granting Preliminary Approval of Proposed Settlement ("Preliminary Approval Order"), preliminarily

1

approving the Settlement Agreement and directing that Notice be given to the members of the Settlement Class.

Pursuant to the Settlement Agreement, Settlement Class Members were provided with Notice informing them of the terms of the proposed Settlement and of a Final Approval Hearing to, inter alia: (a) determine whether the proposed Settlement should be finally approved as fair, reasonable, and adequate so that the Final Approval Order and Final Judgment should be entered; (b) determine whether to certify the Settlement Class; (c) consider any timely objections to this Settlement and the Parties' responses to such objections; (d) rule on any application for attorneys' fees and expenses; and (e) rule on any application for incentive awards.

A Final Approval Hearing was held on August 3, 2022. Prior to the Final Approval Hearing, proof of completion of Notice was filed with the Court. Settlement Class Members were adequately notified of their right to appear at the hearing in support of or in opposition to the proposed Settlement, any application for attorneys' fees and expenses, and/or any application for incentive award.

Plaintiff filed a Motion for Final Approval of the Proposed Settlement [ECF No. 37], the terms and conditions of which are set forth in the Settlement Agreement.  Plaintiff also filed a Motion for Attorneys' Fees and Expenses and for a Class Representative Service Award [ECF No. 38].

One Class Member – Taryn Leeney – filed an Objection to the Proposed Settlement [ECF No.45-2].

The Court read and considered: (1) the Settlement Agreement and accompanying exhibit; (2) the Motion for Final Approval of Proposed Settlement and supporting documents; (3) the Motion for Attorneys' Fees and Expenses and for a Class Representative Service Award and supporting documents; (4) the declarations of Jonathan Selbin, E. Powell Miller, Joseph Sauder, Patrick Andrews, and Jennifer Keough; (5) Taryn Leeney's Objection; and (6) Plaintiff's Response to the Objection.

After review of the submissions presented, the Court finds that the proposed Settlement is fair, adequate, and reasonable and in the best interests of the Settlement Class Members. Accordingly:

1. Except as otherwise specified, the terms in this Order have the same meaning as they are defined in the Settlement Agreement, which is incorporated by reference into this Order.

2. The Court finds that the notice given to the Settlement Class, in accordance with the Notice Plan and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1711, *et seq.*,

and all applicable law. The Notice given to the Settlement Class was adequate and reasonable and the best notice practicable.

3. The Court finds that: (a) the Settlement Agreement was reached as a result of informed and non-collusive arm's-length negotiations over a period of 17 months under the auspices of a Court-appointed and well-respected mediator; (b) the Parties conducted extensive investigation and research, and their attorneys were able to reasonably evaluate their respective positions; and (c) Settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case including appellate delay.

4. After considering the benefits provided under the Settlement in light of the challenges posed by continued litigation, the Court concludes that Class Counsel secured significant relief for Settlement Class Members. The Settlement releases only certain non-economic claims of Settlement Class Members, and in return provides substantial non-economic benefits, making meaningful best-practice reforms to enhance comprehensive prevention of and response to campus sexual violence at UofM.

5. The Court finds that the Settlement is fair, reasonable, and adequate in all respects to the participating Class Members and that:

    a. Plaintiff and Class Counsel vigorously represented the Settlement Class;

    b. the Settlement arose out of arm's-length, informed, and non-

      collusive negotiations between counsel for Plaintiff and Defendants, overseen by an experienced mediator;

  c. the relief provided by the Settlement is fair, reasonable, and adequate in light of the (i) the costs, risks, and delay of appeal and any further proceedings in the trial court; (ii) the reasonableness of the request for award of attorney' fees; and (iii) the absence of any agreement required to be identified under Rule 23(e)(3); and

  d. the Settlement treats Class Members equitably relative to each other.

6. The Court considered the lone objection to the Settlement filed by Class Member Taryn Leeney. [ECF No. 45-2]. She contends that the stage of the proceedings is too early and the amount of discovery completed is insufficient for the Court to determine the adequacy of the Settlement. However, that objection lacks factual basis. The Parties agreed to the Settlement after hard-fought and adversarial litigation and mediation, including a fully-briefed motion to dismiss. Moreover, the Parties engaged in extensive discovery, both formal and informal, and exchanged substantial information over a two-year period, coordinated and supervised by Court-appointed mediator, Robert F. Riley. The Parties and the Court have adequate information to evaluate the benefits provided by the Settlement in light of the relevant risks and conclude the Settlement is fair, reasonable, and adequate. *See Does 1-2 v. Deja Vu Services, Inc.*, 925 F.3d 886, 898 (6th Cir. 2019) (settlements are permissible where "plaintiffs' negotiators ha[ve] access to a plethora of information regarding the facts of their case").

7. The objector also lists other fairness factors, as well as Plaintiff's request for attorneys' fees, reimbursement of reasonable litigation expenses, and the granting of a service award, but provides no basis or factual support for those contentions. *See* Fed. R. Civ. P. 23(e)(5)(A) ("The objection must . . . state with specificity the grounds for the objection."). The Court further notes that out of a total class of more than 61,500 members, no other Settlement Class Member objected on these, or any other, grounds. Accordingly, the objection to final approval of the Settlement and Plaintiff's request for attorneys' fees, reimbursement of reasonable litigation expenses, and the granting of a service award is **OVERRULED**.

8. The Court considered the Parties' Stipulation for Clarification Regarding Class Settlement Agreement and Proposed Final Order, [ECF 47], which the Parties entered and filed with the Court in response to, and in resolution of, a request for clarification about the Settlement Agreement from Counsel for the U.S. Department of Education. The Court notes that the Parties' Stipulation resolved the Department of Education's request for clarification regarding the scope of the Settlement Agreement. The Court finds that the Parties' Stipulation merely clarified the scope of the Settlement Agreement, but even if the Stipulation can be read to modify the Settlement Agreement, the Stipulation would *broaden*—not "materially hinder[]—"a class member's legal right." *Keepseagle v. Vilsack*,

102 F. Supp. 3d 306, 312 (D.D.C. 2015) (collecting authorities); *cf.* Manual for Complex Litigation § 21.61. For these reasons, the Court finds that additional notice of the Parties' Stipulation is not required under Rule 23(e), the Class Action Fairness Act, 28 U.S.C. § 1715, or otherwise.

9. The Court orders the Parties to comply with and carry out all terms and provisions of the Settlement to the extent that the Settlement does not conflict with this Order and Final Judgment, in which case the provisions of this Order and Final Judgment take precedence.

10. Pursuant to Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following Settlement Class: all current students of the University of Michigan.

11. In connection with this certification, the Court makes the following findings:

    a. The Settlement Class is so numerous that joinder of all members is impracticable;

    b. questions of law or fact are common to the Settlement Class;

    c. Plaintiff's claims are typical of the claims being resolved through the settlement;

    d. Plaintiff is capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the settlement; and

    e. for purposes of settlement only, Defendants have acted or refused to act on grounds that apply generally to the Settlement

>Class, so that final non-economic relief is appropriate respecting the Settlement Class as a whole.

12. The Court affirms the appointment of Plaintiff as Class Representative for purposes of entering into and implementing the Settlement.

13. The Court affirms the appointment of Lieff Cabraser Heimann & Bernstein, LLP; the Miller Law Firm, P.C.; and Sauder Schelkopf LLC as counsel for the Settlement Class ("Class Counsel").

14. The Court finds that Class Counsel is competent and capable of exercising all responsibilities as counsel for the Settlement Class and finds that Class Counsel has adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

15. The Court considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Settlement Class.

16. Class Counsel moved for a total award of $5,000,000.00 in attorneys' fees and expenses pursuant to Section 6.1 of the Settlement Agreement, and an incentive award of $2,500.00 to Class Representative pursuant to Section 6.3 of the Settlement Agreement on May 26, 2022. The Court notes that these amounts were negotiated with Defendants only after the Parties reached agreement on the substantive terms of the Settlement.

17. After considering Class Counsel's application, the Court awards Class

Counsel the full amount of $5,000,000.00 in attorneys' fees and expenses requested, and approves the incentive award of $2,500.00 to the Class Representative.

    18.    Factors supporting the grant of fees include:

        a.    The time and labor expended by Class Counsel on behalf of the Class;

        b.    the complexity and risks of the litigation;

        c.    the results achieved in this Settlement;

        d.    the quality of the representation;

        e.    the contingent nature of the fee;

        f.    the reasonableness of the fee request under the lodestar method; and

        g.    the value of the litigation to the public.

    19.    The Court reviewed and considered each firm's declaration in support of the Motion for fees and expenses and finds:

        a.    The amount of hours expended by Class Counsel was reasonable in light of the litigation;

        b.    the hourly rate requested for each lawyer is reasonable and the Court approves these rates; and

        c.    the unique and complex nature of the case and the exceptional results achieved by Class Counsel warrant a modest 1.2 enhancement to lodestar.

    20.    Class Counsel expended $850,314.75 in out-of-pocket costs during the pendency of this litigation—primarily fees for the experts Class Counsel

retained and worked with throughout the litigation and the fees paid to the Court-appointed mediator. Class Counsel's expenses also include: (1) filing fees; (2) copying and mailing costs; (3) computer research costs; and (4) travel. The Court notes that the expenses incurred by Class Counsel were advanced with no guarantee of recovery. The Court has reviewed the expenses and finds that they were reasonably required to prosecute the case and of the type ordinarily approved.

21. The Court finds Plaintiff Josephine Graham served as a more than adequate Class Representative and performed substantial work on behalf of the Class.

22. Defendants will pay the fee and expense award and incentive award to Class Counsel in accordance with the terms prescribed by the Settlement Agreement.

23. By operation of this Order and Final Judgment, the claims of each Settlement Class Member against Defendants are released as set forth in the Settlement Agreement. Notwithstanding the foregoing, the Settlement Agreement and the Final Judgment must not be construed to affect: (1) the right of any Class Member to commence, institute, prosecute, or continue to prosecute an administrative complaint with the U.S. Department of Education, Office for Civil Rights (OCR); or (2) OCR's authority, consistent with Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, and 34 C.F.R. Part 106, to secure

appropriate relief for Class Members.

24. Settlement Class Members do not release any claims for damages (whether actual, nominal, punitive, exemplary, statutory, or otherwise) or any claims relating to the enforcement of the Settlement.

25. The Court retains jurisdiction over all matters relating to the administration and consummation of the Settlement and to interpret, implement, administer, and enforce the Settlement Agreement, in accordance with its terms for the benefit of the Settlement Class, for a period of five years from the date of this Order, after which time the Court's jurisdiction over matters relating to the Settlement will expire. The Court does this for the purpose of satisfying the requirements of *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), concerning the obligation of a Court entering a settlement agreement to speak clearly when it wishes to retain jurisdiction.

26. The Court finds that there is no just reason to delay entry of this Order and Final Judgment and directs its entry. Each Party is to bear its own costs and attorneys' fees, except as provided in the Settlement Agreement and this Order.

27. Through this Order, the Court enters final judgment pursuant to Fed. R. Civ. P. 58(1).

**SO ORDERED.**

Dated: 8/3/2022                    s/ Victoria A. Roberts
                                   Honorable Victoria A. Roberts
                                   United States District Judge